### III.

For the foregoing reasons, the decision of the Tax Court is affirmed.

C.J. May, III, Dubuque, IA, for appellant.

Daniel C. Tvedt, Cedar Rapids, IA, for appellee.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert E. Demkier appeals from a final judgment entered in the United States District Court[1] for the Northern District of Iowa finding him guilty, pursuant to a guilty plea, of conspiracy to distribute 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD) within 1,000 feet of a school, in violation of 21 U.S.C. § 846. The district court sentenced Demkier to 60 months imprisonment, 8 years supervised release, a special assessment of $50.00, and restitution in the amount of $400.00. For reversal, Demkier argues the district court erred in calculating the weight of the LSD for purposes of applying the mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(v).

The facts are not disputed. Between February and June 1992, Demkier traveled 10 or 11 times between Dubuque and Cedar Rapids, Iowa, in order to obtain LSD from Kent Darnell. Demkier then sold the LSD to

---

**UNITED STATES of America, Appellee,**

v.

**Robert E. DEMKIER, Appellant.**

No. 94–1716.

United States Court of Appeals, Eighth Circuit.

Submitted July 3, 1995.

Decided Sept. 1, 1995.

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

others in Dubuque. During the spring of 1992, Demkier obtained 300 doses or "hits" of LSD from Darnell and sold 200 hits to Tim Saunders and 100 hits to Jay Neal. Neal in turn sold 40 hits to a juvenile at the local high school. In May 1992 police confiscated 21 hits from the juvenile at the high school (total weight of LSD and carrier medium, .12 gram). Neal had paid Demkier $140 for the LSD, including the 21 hits which had been confiscated from the juvenile. This transaction was recorded by law enforcement agents. In June 1992 a confidential informant made arrangements to buy 150 hits from Demkier. However, Demkier sold the informant only 75 hits (total weight of LSD and carrier medium, .67 gram). Demkier told the informant that his source was expecting delivery of 500 hits and that he would then be able to sell the informant 200 hits. This conversation was also recorded by law enforcement agents. This transaction was never completed.

In August 1992, pursuant to a plea agreement, Demkier waived indictment and agreed to plead guilty to an information charging him with conspiracy to distribute 1 gram or more of a mixture or substance containing a detectable amount of LSD within 1,000 feet of a school in violation of 21 U.S.C. § 846. The plea and sentencing hearing was scheduled for September 1993. In July 1993, pursuant to a defense motion, the district court continued the sentencing hearing until after November 1, 1993, the effective date of the guideline amendments at issue. Demkier later informed the district court that he did not want to plead guilty, and trial was scheduled for March 1994. However, in February 1994, Demkier agreed to plead guilty. The amended plea agreement provided that the district court would determine the weight of the LSD for sentencing purposes, and Demkier reserved the right to appeal the sentencing calculations, specifically whether the amended guidelines or *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (*Chapman*), controlled the calculation of the weight of LSD for purposes of applying the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(v).

In March 1994 the district court accepted the plea and applied *Chapman* in order to calculate the weight of the LSD for purposes of applying the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(v). The presentence report (PSR) calculated the total weight of the LSD, including the carrier medium, for purposes of sentencing, by using an average estimated weight of .066 gram per 100 hits for the LSD involved in the conspiracy. According to the PSR, Demkier had been involved in the distribution of at least 1,500 hits for a total estimated weight, including the carrier medium, of 9.9 grams (1,500 × .066 gram per 100 hits). Demkier calculated the total weight as only .4 gram (1,000 × .4 mg per dose). However, the district court calculated the weight slightly differently. The district court accepted Demkier's figure of 1,000 hits, less the 75 hits seized, for a total of 925. The district court calculated the total weight of those 925 hits, using the per dose weight of .4 mg specified in the amended guidelines, as .37 gram, and then added the total weight of the 75 hits of LSD (.67 gram), for a total weight of 1.04 gram. The district court thus decided that, even if the disputes about the number of hits and the applicable weight per dose with respect to the hits that had not been seized, were resolved in Demkier's favor, the total weight would still have exceeded the mandatory minimum 1–gram threshold.

The district court sentenced Demkier to the mandatory minimum of 60 months imprisonment, 8 years supervised release, a special assessment of $50.00, and restitution in the amount of $400.00. This appeal followed. The panel referred the appeal to the court en banc pending the rehearing en banc of *United States v. Stoneking,* 60 F.3d 399 (8th Cir.1995) (banc) (*Stoneking*), *petition for cert. filed,* No. 95–5410 (U.S. July 28, 1995). The appeal was held in abeyance and, now that the court en banc has decided the *Stoneking* case, the court en banc has referred this appeal back to the panel.

Demkier argues the district court erred in including the weight of the carrier medium in calculating the total weight of the LSD. He argues the applicability of the mandatory minimum sentence provision should be deter-

mined on the basis of the .4 mg per dose specified in the amended guidelines, U.S.S.G. § 2D1.1(c) (Drug Quantity Table) (1993) (amendment 488, effective Nov. 1, 1993). Demkier argues that his offense conduct involved only .4 gram (1000 hits at .4 mg per dose) or, at most, .6 gram (1,500 hits at .4 mg per dose), and that either weight is below the mandatory minimum 1–gram threshold. The government argues that, pursuant to the holding in *Chapman*, the district court correctly included the weight of the carrier medium in calculating the total weight of the LSD. The government argues that the amended guidelines expressly recognize the continued applicability of *Chapman* for the purpose of applying the mandatory minimum sentence provision.

*Stoneking* resolves this issue. In *Stoneking* we held that the amended guideline did not alter *Chapman*'s holding that the weight of the carrier medium is included in the calculation of the entire weight of the mixture or substance containing a detectable amount of LSD for purposes of applying the mandatory minimum sentence provision. 60 F.3d at 402–03. We hold the district court did not err in including the weight of the carrier medium. The district court correctly sentenced Demkier to the minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(B)(v) because Demkier's offense conduct involved at least 1 gram of a mixture or substance containing a detectable amount of LSD. We express no opinion with respect to the method the district court used to calculate the weight of the carrier medium.

Accordingly, we affirm the judgment of the district court.